GRISBAUM, Judge.
FACTS
Mr. Landry Agoff sustained a heart attack on or about December 15, 1980, shortly before 11 p.m. at his home. His wife, on her own behalf and on behalf of her three children, brought a wrongful death action for her husband’s death. Named as defendants were the Town of Jean Lafitte, the State of Louisiana through the Department of Health and Human Resources, Marcel Autin, the Travelers Insurance Company, as the insurer of both the Town of Jean Lafitte and the State of Louisiana, and Safeco Insurance Company, as the automobile insurer of the ambulance Mr. Autin was driving. This matter was tried by a jury against Marcel Autin and Safeco Insurance Company (only) as a settlement had been reached as to the remaining defendants. The jury returned a verdict finding Marcel Autin not negligent. Thereafter, the trial judge entered a judgment dismissing Safeco Insurance Company and Marcel Autin from which dismissal plaintiffs appeal.
ISSUES ON APPEAL
(1) whether the jury erred in finding Mr. Marcel Autin not negligent; and
(2) if so, whether the negligence of Mr. Autin was a substantial factor or cause in fact of the death of Landry Agoff, Sr. thereby constituting actionable negligence.
ARGUMENT
The testimony of Faye Agoff, the decedent’s wife, as well as Mark Domangue, along with other friends and relatives who were present in the Agoffs’ home after Mr. Agoff sustained a heart attack, was that the decedent exhibited no signs of life immediately following his heart attack. We find the testimony of Mark Domangue crucial in this regard as he was the individual who had instituted cardiopulmonary resuscitation (CPR) for a continuous ten-minute period on Mr. Agoff after being notified of his heart attack. Mark Domangue specifi *849 cally testified that during that period he detected no pulse on Mr. Agoff nor any evidence of breathing or other signs of life.
Dr. Francois Guymond, the emergency medical room physician at West Jefferson Hospital who examined Landry Agoff upon his admittance, saw no signs of life and further stated that Agoff was unresponsive when medication was administered via a cathetar to stimulate his heart. Mr. Agoff was pronounced dead at West Jefferson Hospital.
Based on an assumption that CPR had been instituted within a minute of Mr. Agoff s attack (which fact is not supported by the evidence), and further assuming that Mr. Agoff had been given advanced cardio life support treatment at a hospital within 15 minutes of his attack, Dr. Keith Van Meter, one of the experts who testified at trial and a physician who practices in emergency medicine at Jo Ellen Smith Hospital, said he could not say whether Mr. Agoff’s chances of survival under those facts would be greater or less than 50 percent. Dr. Guymond, assuming the same facts, opined that Mr. Agoff s chances of survival would depend on whether his heart had completely stopped or whether he was experiencing ventricular fibrillation, i.e., an irregular heartbeat. Dr. Guymond stated that if Mr. Agoff s heart had completely stopped beating his chances of survival were very poor, and if he had experienced ventricular fibrillation, his chances of survival would have been 43 percent.
Dr. Gwendolyn Graybar, medical director of intensive care at Tulane Medical Center who had experience in respiratory therapy, stated that if a patient is successfully resuscitated outside of a hospital and then brought in and given advanced cardio life support, his chances of survival would be very good. She also acknowledged that if CPR had commenced on a victim of an attack after a minute of the attack, his chances of recovery would diminish. The substantial likelihood of recovery that Dr. Graybar spoke about assumed a victim who had been successfully resuscitated. The evidence does not reveal that Mr. Agoff had been successfully resuscitated prior to Mr. Autin’s arrival at the Agoffs’ home.
The testimony of the relatives and friends present at the Agoff residence was that Mr. Autin, upon arriving at the scene, examined Mr. Agoff and said there was nothing he could do, that the man was dead. Mr. Autin acknowledged having said there was nothing he could do for him but denied having pronounced him dead. .
While the jury was charged with provisions of the Jefferson Parish Code outlining the necessary emergency medical qualifications of an ambulance driver and the requirement that at least two persons certified in emergency treatment be aboard a medical transportation vehicle, as well as providing for the type of equipment necessary to be included on such a vehicle, these provisions do not govern the Town of Jean Lafitte as they are a separate incorporated municipality. We find that the state rules and regulations contained in Louisiana Revised Statutes 40:1231, 1232, 1233, and 1234 are binding on the Town of Jean Lafitte and provide that no person shall operate an ambulance for hire unless it is under the immediate supervision and direction of a person having been qualified in rendering emergency medical assistance.
Mr. Marcel Autin testified he had never completed an emergency medical assistance course and was not trained in administering CPR.
This court finds that Mr. Marcel Autin was in violation of Louisiana Revised Statute 40:1232(A) and that his negligence in this regard constituted negligence per se.
Under Louisiana law, the violation of a safety statute does not in and of itself constitute actionable negligence; it must also be shown that the action which contravened the statute is unreasonable under the circumstances and causes the harm of which the plaintiff complains. Stephens v. State of Louisiana, through the Department of Transportation, 440 So.2d 920 (La.App. 2d Cir.1983). Although statutory violations are not in and of themselves *850 definitive of civil liability, they may be guidelines for courts in determining standards of negligence by which civil liability is determined. Greene v. Wright, 365 So.2d 551 (La.App. 1st Cir.1978).
In resolving the issue of whether Mr. Autin’s negligence was a substantial factor in bringing about Mr. Agoff’s death, we need to examine his negligence under a duty-risk analysis. The relevant inquiries involved under the facts and circumstances of this case under such an analysis are the following:
(1) did Mr. Autin owe a duty of care to Mr. Landry Agoff;
(2) if so, did Mr. Autin’s acts and/or omissions constitute a breach of the duty of care he owed to Mr. Agoff;
(3) were the acts and/or omissions of Mr. Autin a cause in fact of Mr. Agoff’s death; and
(4) if it is determined that Mr. Autin’s acts and/or omissions were a cause in fact of Mr. Agoff’s death, did the death of Mr. Agoff fall within the scope of a duty that was breached by Mr. Autin so as to impose liability on Mr. Autin for his acts and/or omissions?
This court finds that Mr. Autin, when he assumed the posture of an ambulance driver operating an emergency vehicle, had the duty of bringing with him to the Agoff home a working knowledge of emergency medical assistance, which would have included knowledge of CPR treatment. We find, in responding to the emergency lacking the requisite emergency medical training, Mr. Autin breached both a statutory duty under state law as discussed above, as well as a duty of care he owed to Mr. Agoff under the circumstances under the general negligence law of Louisiana as contained in Louisiana Civil Code articles 2315 and 2316.
A review of the record does not convince us that any acts and/or omissions on the part of Mr. Autin were a cause in fact of Mr. Agoff’s death. Applying the “but for” test employed in the duty-risk analysis in the case of Dixie Drive It Yourself System v. American Beverage Company, 137 So.2d 298 (La.1962) to the facts of this case, we are unable to say that but for the negligence of Mr. Autin the death of Mr. Agoff would not have occurred. In this connection, we take note of the fact there was no testimony by any of Mr. Agoff’s immediate family, relatives, or friends who were present at the home shortly after he sustained his heart attack and prior to the arrival of Mr. Autin that would support a finding that Mr. Agoff was alive. Considering this, together with the medical evidence presented, we do not feel that the plaintiffs have met their burden of proving by a preponderance of the evidence that any negligence on the part of Mr. Autin was the cause in fact of Mr. Agoff’s death. The court in the case of Naquin v. Marquette Casualty Company, 153 So.2d 395 (La.1963) stated that proof by a preponderance of evidence requires only that a litigant satisfy the court or jury by sufficient evidence that the existence of a fact is more probable or likely that its nonexistence.
While this court has attributed negligence to Mr. Autin, we do not find that the plaintiffs have met their burden of proving by a preponderance of the evidence that Mr. Agoff’s death resulted from any negligence on the part of Mr. Autin. Accordingly, we find the jury’s determination that there was no negligence on the part of Mr. Autin is harmless error.
For the reasons assigned, the judgment of the trial court is affirmed; all costs of this appeal are to be assessed against the appellants.
AFFIRMED