| iHIGHTOWER, Judge
further dissenting.[1]
In a rather unusual step, there have now appeared “additional] concurring reasons.” Such an action does not occasion great confidence in the majority’s previous position.
While it is not certain that the majority and the dissenter disagree as to the basic principles of law involved, we very decidedly disagree about the facts established vel non and the reasonable inferences to be drawn from those facts. The “additional] concurring reasons” question the preponderance of the evidence. The determination of the preponderance of the evidence, of course, rests primarily upon the fact-trier’s evaluation of the credibility of witnesses. See Concrete Pipe & Products v. Const. Laborers Pension, 508 U.S. 602, 621, 113 S.Ct. 2264, 2279, 124 L.Ed.2d 539 (1993); Dibler v. Highland Clinic, 27,274, (La.App. 2d Cir. 09/27/95), 661 So.2d 588, 591; Agoff v. Town, Village or City of Jean Lafitte, 464 So.2d 847, 850 (La.App. 5th Cir.1985).
| gTaking account of the three individuals most directly involved in the present mishap, Mr. Howard said that, well, no, he could not quite recall the details as to what happened before the accident. Plaintiff failed to produce Brown, then languishing in jail, to give any evidence. And, for reasons previously explained, Hoy obviously falls woefully short of being a credible witness. Even he, however, made no effort to explain what happened before the accident, other than venturing his story about “the dog in the road.” When faced with such obvious fabrications, few individuals would seriously conclude that Hoy played no role in the events and the excursion of that afternoon.
The trial judge decided that the evidence in the present ease, when measured in light of reason, eommonsense, and probability, re- *80 fleets that Hoy joined with the driver to such an extent that their hour-long drinking and larking affair is indeed partially attributable to the plaintiff, notwithstanding that he did not actually steer the truck. That determination, most assuredly, is not clearly wrong.
Indeed, the notion that an employee actively joining in an extended drinking escapade about the countryside cannot be considered a party to the employment deviation, absent his physical control of the vehicle’s operation, defies logic and reason. In the face of the present record, with its reasonable inferences, if one is to say nothing whatsoever supports Hoy’s imputed accountability, then so much for the concept of manifest error.

. Following the submission of the dissent, the author of the original majority opinion submitted a document termed “additional] concurring reasons." After this dissenting writer indicated an intent to respond to the additional concurring reasons, the majority author decided to "incorporate [these] additional concurring reasons into the majority opinion.” Recognizing that the scope of the majority opinion has — and may continue — to fluctuate through added concurrences or incorporations, I have elected to attempt a stabilization of the discussion by setting forth the "additional] concurring reasons” verbatim, along with the response as substantially prepared in advance of the majority opinion’s redrafting. The "add[ed] concurring reasons," when submitted, read as follows:
The single dispositive issue in this appeal is not whether Brown, claimant's supervisor and driver of the truck, deviated from the mission he began for his employer, leaving the employer's shop to take the employer's trailer tire to the repair destination and to transport his subordinate employee-passengers, Hoy and Howard, to their respective homes. The issue is whether the supervisor’s deviation from the stated employer missions may be legally attributable or imputed to Hoy, his subordinate, who was injured in the wreck of the truck.
For the supervisor's deviation to be legally imputed or attributed to Hoy, the record must preponderate that Hoy exercised control over Brown's operation of the truck or over the determination of the route that Brown took and that Brown’s deviation was initiated by or benefitted Hoy. Again see the Malone-Johnson treatise and Jagneaux, cited supra. Those authorities were not cited or argued to the hearing officer. The dissent offers no reason why those authorities are not applicable to the circumstances of this record.
The dissent does not suggest or point to facts that support the conclusion that Brown’s deviation is legally imputed or attributable to Hoy. The dissent emphasizes Brown's deviation from the employer’s missions and establishes that Hoy, a subordinate employee-passenger in his supervisor’s truck, was probably drunk or under the influence of alcohol even when Brown left his employer’s shop on the employer’s missions.
My response read, and continues to read, as indicated hereinabove.